## BARCLAY v. CROW. (No. 705.)

Court of Civil Appeals of Texas. Waco. Dec. 13, 1928.

John B. Daniel, of Temple, for appellant.
Sam Dardnne and Bryan & Maxwell, all of Waco, for appellee.

BARCUS, J. In December, 1922, the Waco Steam Laundry, a partnership, was owned by Mrs. Hays, Mrs. Crow, and Frank Crow. At that time Mrs. Hays and Mrs. Crow sold their interest therein to R. L. and G. W. Barclay. At the time of said purchase, G. W. and R. L. Barclay and Frank Crow entered into a contract, under the terms of which it was agreed that they would incorporate and that each of the three parties would take stock in proportion to their interest in the partnership; that is, Frank Crow 45 per cent. plus, and G. W. and R. L. Barclay 54 per cent. plus. The contract further provided that Frank Crow agreed to and did assume the part of the liabilities of the old partnership owing by Mrs. Inez Crow, and in consideration of the assumption thereof, R. L. and G. W. Barclay transferred to said Frank Crow the entire interest of Mrs. Crow in all of the assets of the old partnership, except the laundry proper; and Frank Crow agreed that he would execute a note, payable to R. L. and G. W. Barclay, for the amount of Mrs. Crow's proportionate part of all the outstanding liabilities against the laundry, and agreed that as he collected any money on the assets of the old partnership, he would pay the same on the note which he was executing to R. L. and G. W. Barclay. At said time, the amount of the indebtedness of the old partnership was not known, and an auditor was employed to ascertain said fact. On April 30, 1923, it was learned that the total liabilities of the partnership were about $16,183.83, and that Mrs. Crow's pro rata portion thereof, based on her interest that she had owned in said partnership, was $7,366.67, and Frank Crow at said time executed his note to R. L. and G. W. Barclay for said amount. He converted a considerable amount of the assets of the old partnership into cash and claimed to have paid the $7,360 note in full. Appellant alleged that appellee only paid $5,402.18 on said note. On July 9, 1925, this suit was instituted by appellant, who alleged he had bought G. W. Barclay's interest therein, for what he claimed was the unpaid portion of said note, principal, interest, and attorney's fees.

Appellee, in answer, alleged that the note sued on had been materially altered since he signed same, giving in detail the material alterations claimed, and that by reason thereof appellant was not entitled to recover thereon. He further pleaded the contract made between him and R. L. and G. W. Barclay on December 30, 1922, above referred to, and alleged that he was not to be in any way responsible on said note except for the sums which he might realize from the assets of the old partnership of Waco Steam Laundry, and alleged that he had accounted to appellant for all funds that he had collected from said source. By an amended pleading filed

on February 14, 1928, appellant alleged that if he was not entitled to recover on the note sued on, he was entitled to recover on the contract, and alleged that under the terms of the contract as set forth in appellee's petition, appellee assumed Mrs. Crow's portion of the liabilities of the old partnership and agreed to pay all funds collected from the assets thereof belonging either to Frank Crow or Mrs. Crow until same was fully satisfied and discharged, and that appellee had failed to pay on said indebtedness $1,963.49 realized by him from said assets. Appellee pleaded the four years' statute of limitation to that portion of appellant's amended pleadings which sought to recover on the contract, alleging that the contract was made on December 30, 1922, and said pleading was not filed until February, 1928.

The cause was tried to a jury. The only issues submitted were those relating to the alteration of the note sued on after same was signed, and no objection was made by the parties to said issues. The jury, in response to said issues, found that the note had been materially changed in several respects. Appellant requested the court to submit three different peremptory instructions to the jury: First, to instruct the jury to return a verdict for him for $1,963.49; second, to return a verdict for him for $1,232.26; and, third, to return a verdict for him for $122.22. The trial court refused to give any of the requested instructions and on the verdict of the jury entered judgment denying appellant any recovery.

Appellant admits in his brief that the evidence was sufficient to authorize the jury to find the note had been materially altered, and that by reason thereof appellant was not entitled to recover upon said note.

Appellant does not in his brief complain of the action of the court in refusing to give the peremptory instructions requested. He presents only three propositions, each of them based on the refusal of the trial court to enter judgment on what he claims is the uncontroverted testimony showing that he was entitled to judgment for $1,232.26, with interest thereon from date of collection to date of trial, amounting to $1,398.61; his theory being that the evidence showed without controversy that appellee had realized said amount from said assets which he had not accounted for, and that under the terms of the contract the money so realized by appellee became a trust fund held by him, belonging to R. L. and G. W. Barclay to the amount of Mrs. Crow's pro rata part of the liabilities against said partnership at the time they incorporated. We overrule these propositions. The trial court did not in its judgment indicate upon what theory it refused appellant a recovery on this phase of the case. Appellant by his requested peremptory charges claimed to be entitled to three different

amounts, and under no phase of the testimony could he have been entitled to all three. The evidence with reference to whether appellee had accounted to G. W. and R. L. Barclay for all the money realized by him from the assets of the old partnership of Crow Bros. was very conflicting. Appellee testified that he had accounted for all the funds coming into his hands. The witness L. H. Brown, auditor, who several times, at the request of all parties prior to the time the suit was filed, audited the books, testified that appellee had paid the note in controversy in full. Under one phase of his testimony, the jury might have found that there was about $360 unaccounted for. Under the statement contained in the unsworn report of the auditor appointed by the court, a portion of which only was offered in evidence, the amount unaccounted for might have been $1,019.90, as shown by Exhibit D; or $1,963.49, as shown by paragraph 1 of Exhibit F; or $1,232.26, as shown by paragraph 2 of Exhibit F. Under this state of the record, it could not be said that the uncontroverted testimony established the sum of $1,232.26, or any other amount, had been collected by appellee which had not been by him paid to G. W. and R. L. Barclay.

We do not think the money collected from the assets of the old partnership by appellee under the terms of the contract created a trust fund. The contract provides specifically that appellee was to and did assume the portion of the indebtedness due by Mrs. Crow, and in consideration thereof all of the assets, except the laundry equipment proper, were assigned and sold to him. In said contract appellee promised that as he realized cash from said assets he would pay same on the note which he was to and did execute to G. W. and R. L. Barclay for the amount he was promising and agreeing to pay for Mrs. Crow. He could pay the note either from that or from any other source. They did not attempt to reserve any lien on the assets, neither were they placed in appellee's hands as trustee, but were turned over to him as his individual property, and by the terms of the contract they only had his promise to pay the amounts realized therefrom on the note. Under the terms of the note sued on, it was payable unconditionally for the full amount thereof, with 7 per cent. interest, 12 months after date, and they could not require any portion thereof to be paid before the due date. Neither could appellee under the terms of the note have required appellant to accept payment before its due date, nor could he have refused to pay same if he had not collected same from the assets of the old company; showing, we think, clearly that it was not within the contemplation of the parties that any trust fund was being created under or by virtue of said contract, but rather, as stated in the contract, appellee was

buying the assets of the old partnership and giving his note for Mrs. Crow's portion of the partnership indebtedness.

As we construe the contract, appellee having executed the $7,366.67 note, and same having been accepted by G. W. and R. L. Barclay, constituted a fulfillment of its terms, and it thereby became an executed contract. Thereafter appellant's rights were limited to a recovery on the note, and same having been, under the finding of the jury, materially altered, prevented appellant's recovery thereon. Under the state of the record, we do not think the trial court committed error in refusing to enter a judgment for appellant.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.